1  BINGHAM MCCUTCHEN LLP
   ROSS E. CAMPBELL (SBN 75998)
2  *ross.campbell@bingham.com*
   BETH McGOWEN (SBN 148747)
3  *beth.mcgowen@bingham.com*
   1900 University Avenue
4  East Palo Alto, CA  94303-2223
   Telephone:  (650) 849-4400
5  Facsimile:  (650) 849-4800

6  DAVID C. HALL (*pro hac vice*)
   *dhall@hpslaw.com*
7  HALL PRANGLE & SCHOONVELD, LLC
   200 South Wacker Drive, Suite 3300
8  Chicago, Illinois 60606
   Telephone:  (312) 267-6201
9  Facsimile:  (312) 345-9608

10 Attorneys for Defendants
   WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D.,
11 ARTHUR W. DOUVILLE, M.D., AND KENNETH I.
   TAN, M.D.

12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16

17 RICHARD B. FOX, M.D.,                    No. 08-CV-01098 RS

18              Plaintiff,                  NOTICE OF MOTION AND
        v.                                  DEFENDANTS' JOINT MOTION TO
19                                          STRIKE PORTIONS OF PLAINTIFF'S
                                            FIRST AMENDED COMPLAINT;
20 WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D.,    MEMORANDUM OF POINTS AND
   ARTHUR W. DOUVILLE, M.D., MARK S.        AUTHORITIES
   MCCONNELL, M.D., AND KENNETH I. TAN,
21 M.D.
                                            Date:     August 20, 2008
22              Defendants.                 Time:     9:30 a.m.
                                            Place:    Courtroom 4
23                                          Judge:    Hon. Richard Seeborg

24

25

26

NOTICE OF MOTION AND DEFENDANTS' JOINT MOTION TO STRIKE

A/72586527.1/2019871-2198710013

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF RICHARD B. FOX, M.D., AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Richard Seeborg, Courtroom 4, 5th Floor, United States District Court, 280 South First Street, San Jose, California, defendants William Pichè, Paul N. Beaupre, M.D., Arthur W. Douville, M.D., and Kenneth I. Tan, M.D. (collectively referred to herein as "Defendants") will, and hereby do, jointly move this Court for an order striking the following portions of Plaintiff Richard B. Fox M.D.'s First Amended Complaint:

1.   Paragraph 5 (containing allegations relating to prior conduct of HCA, Inc. ("HCA"), including allegations of a nationwide Medicare fraud scheme and other illegal acts).

2.   Paragraph 34 (containing allegations relating to HCA's alleged history of unlawful business practices).

3.   Paragraph 35 (containing allegations of HCA pleading guilty to multiple criminal acts, including unlawful kickbacks to physicians and fraudulent billing of Medicare, Medicaid, and similar U.S. Government programs, and payment of over $1.7 billion in fines and penalties to the U.S. government by 2002).

4.   Paragraph 36 (containing allegations of Good Samaritan Hospital (through HCA) fraudulently billing the U.S. Government over $760,000 in 1996 and 1997).

5.   Paragraph 37 (containing allegations falling outside of the statutes of limitation, relating to complaints made by Dr. Fox in the interest of patient advocacy in 1992, 1996, and 1999).

6.   Paragraph 38 (containing disparaging allegations relating to HCA's way of doing business).

7.   Paragraph 40 (containing allegations falling outside of the statutes of limitation, relating to a 1996 letter from Dr. McConnell to HCA).

8.   Paragraph 42 (containing allegations falling outside of the statutes of limitation, relating to changes in the alternate call coverage rule beginning in 1997, and 1996 letter from Dr. McConnell to HCA).

No. 08-CV-01098 RS

NOTICE OF MOTION AND DEFENDANTS' JOINT MOTION TO STRIKE

A/72586527.1/2019871-2198710013

9.      Paragraphs 44 & 45(a)-(f) (containing allegations falling outside of the statutes of limitation, as those allegations relate to actions of the Medical Staff from 1997 through 2004).

10.     Paragraph 83 (containing allegations falling outside of the statutes of limitation, as those allegations relate to the 1996 request from Dr. McConnell to HCA, and the 1997 and 1999 actions of HCA and GSH to change PICU privileging rules and PICU Services).

11.     Paragraph 84 & 85 (containing allegations falling outside of the statutes of limitation, as those allegations relate to actions taken to suspend, withhold, defer and/or deny Plaintiffs' requests for PICU privileges from 1997 through 2004).

12.     Paragraphs 105, 106 & 107 (containing allegations falling outside of the statutes of limitation, relating to complaints made by Dr. Fox in the interest of patient advocacy in 1992, 1996, and 1999).

13.     Paragraphs 114-122 (to the extent that they assert a claim for breach of the implied covenant of good faith and fair dealing).

14.     Paragraph 122 (to the extent Plaintiff seeks damages for emotional distress and loss of reputation resulting from the alleged breach of contract).

15.     Paragraph 126 (containing allegations falling outside of the statutes of limitation, as those allegations relate to actions taken to respond to Plaintiff's requests for PICU privileges from 2004 through 2006).

This motion is brought following the conference of counsel pursuant to the Standing Order of this Court.  Counsel for the parties have agreed that the proposed hearing date for this motion will not cause undue prejudice.

This motion is brought pursuant to Federal Rule of Civil Procedure 12(f) on the ground that the paragraphs sought to be stricken are immaterial and impertinent.  This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings, papers and files in this action, and such other argument as may be presented at or prior to the hearing on this joint motion.  This motion is also being filed in conjunction with Defendants' Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

NOTICE OF MOTION AND DEFENDANTS' JOINT MOTION TO STRIKE

A/72586527.1/2019871-2198710013

1

DATED:  July 3, 2008

2

BINGHAM McCUTCHEN LLP

3

4

5

By:                /s/ Beth McGowen
                    BETH McGOWEN

6

Attorneys for Defendants
WILLIAM PICHE, PAUL N. BEAUPRE,

7

M.D., ARTHUR W. DOUVILLE, M.D., and
KENNETH I. TAN, M.D.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4

NOTICE OF MOTION AND DEFENDANTS' JOINT MOTION TO STRIKE

A/72586527.1/2019871-2198710013

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.     INTRODUCTION**

3        This motion to strike addresses the propriety of claims and allegations Plaintiff

4 Richard B. Fox, M.D. ("Plaintiff") asserts in his First Amended Complaint ("FAC"), arising out

5 of allegedly unlawful actions taken by Good Samaritan Hospital ("GSH") with regard to

6 Plaintiff's applications for privileges and appointment to the Good Samaritan Hospital Medical

7 Staff.  In the FAC, Plaintiff sets forth a myriad of allegations that may not properly be asserted

8 against Defendants William Pichè, Paul N. Beaupre, M.D., Arthur W. Douville, M.D., Kenneth

9 I. Tan, M.D. (collectively referred to herein as "Defendants").[1]  Specifically, Plaintiff includes

10 allegations: (1) asserting wrongful conduct by entities who are not a party to this action; (2)

11 asserting conduct that occurred prior to and therefore fall outside of the applicable statutes of

12 limitations; (3) stating claims for relief which are duplicative of other alleged claims; and

13 (4) seeking relief to which Plaintiff is not entitled.

14        Where each of these allegations may not be asserted against Defendants as a

15 matter of law, Defendants respectfully request the Court strike the following allegations from the

16 FAC:   (1) Plaintiff's allegations that pertain to non-party HCA, Inc.'s ("HCA") "unlawful

17 business practices;" (2) Plaintiff's allegations that fall outside the relevant statute of limitations;

18 (3) Plaintiff's Seventh Claim for Relief for Breach of the Implied Covenant of Good Faith and

19 Fair Dealing on the grounds that it is duplicative of Plaintiff's breach of contract claim; and (4)

20 Plaintiff's request for damages in the Seventh Claim for Relief, to the extent it improperly seeks

21 to recover damages for emotional distress and loss of reputation based on Plaintiff's breach of

22 contract claim.

23

24 ─────────────────

25 [1] For purposes of this Motion to Strike, any reference to Defendants herein refers only to
Mr. William Pichè, Dr. Paul Beaupre, Dr. Arthur Douville and Dr. Kenneth Tan.

26

No. 08-CV-01098 RS

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

## II.    BACKGROUND

On March 18, 2008, Plaintiff filed suit against Defendants, for the purpose of holding them individually liable for five alleged violations of Sections 1 and 2 of the Sherman Act, and three violations of state law, including retaliation in violation of public policy, breach of contract and the implied covenant of good faith and fair dealing, and intentional interference with prospective economic relations.[2]  Yet, in attempting to state a claim for relief, Plaintiff includes extensive allegations which either do not pertain or are not applicable to Defendants as follows:  Paragraphs 5, 34, 35, 36 & 38 contain allegations relating to HCA, Inc.'s prior conduct or alleged history of unlawful business practices; Paragraphs 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107 & 126 contain allegations falling outside the applicable statutes of limitation; Paragraphs 114 through 122 assert a claim for relief which Plaintiff may not assert as a matter of law; and Paragraph 122 asserts a request for relief to which Plaintiff is not entitled as a matter of law.

## III.    STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure permits this Court to strike "any redundant, immaterial, impertinent or scandalous matter" from any pleading.  Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994) (explaining that a Rule 12(f) motion is intended to promote concise and direct pleadings, avoid the expenditure of time and money, as well as the confusion that might arise from litigating spurious issues, by dispensing with those issues prior to trial) (citing *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983)).  Allegations set forth in a pleading are "immaterial" or "impertinent" if there is no essential or important relationship

---

[2] By the Order of this Court, the above referenced action has been deemed related to Fox v. Good Samaritan Hospital, *et al*., Case No. 04-cv-00874 RS (Docket No. 10), in which Plaintiff has been litigating the same causes of action against defendants Good Samaritan Hospital LP, Samaritan LLC, Good Samaritan Hospital Medical Staff, and HCA, Inc., since 2004.

No. 08-CV-01098 RS

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

A/72586527.1/2019871-2198710013

1    between the allegations and the claims for relief being pled, or where the allegations pled do not

2    pertain to the issues in question. *Id.* at 1527. Where, as here, striking the immaterial portions of

3    the FAC will focus the matters at issue and streamline the ultimate resolution of this action, the

4    motion to strike is well taken. *Id.* at 1528; *see Rosales v. Citibank,* 133 F. Supp. 2d 1177, 1180

5    (N.D. Cal. 2001) (explaining that motions to strike generally may be granted when "it is clear

6    that the matter sought to be stricken could have no possible bearing on the subject matter of the

7    litigation.").

8    **IV.    ARGUMENT**

9         **A.    Allegations Relating To HCA's Allegedly Unlawful Business**
              **Practices And Criminal Indictment Are Impertinent And**
10            **Immaterial.**

11            Allegations that HCA has a "long history of unlawful business practices"

12   (FAC ¶ 34), "pleaded guilty to multiple criminal acts" (FAC ¶ 35), or participated in a

13   "nationwide Medicare fraud scheme" (FAC ¶ 5) can have "no possible bearing" on the claims

14   actually at issue in this litigation. *See Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y.

15   1991) (striking references to defendant's criminal conviction and income level in a securities

16   fraud action as immaterial and impertinent); *Minn. v. U.S. Steel Corp.*, 44 F.R.D. 559, 583

17   (D. Minn. 1968) (striking references to criminal proceedings against defendant for violations of

18   Sherman Antitrust Act); *Rosales v. Citibank,* 133 F. Supp. 2d at 1180 (explaining that motions to

19   strike generally may be granted when "it is clear that the matter sought to be stricken could have

20   no possible bearing on the subject matter of the litigation.").

21            Plaintiff does not allege, nor could he, that the individual Defendants were parties

22   to either HCA's "long history of unlawful business practices" or to the criminal indictment

23   against HCA. *See generally* FAC ¶¶ 5, 34 & 35. Nor does Plaintiff allege that Defendants were

24   in any way involved in the criminal acts. *Id.* Moreover, these prior allegations of HCA's

25   unlawful business practices or criminal indictment have no bearing on the eight claims for relief

26   Plaintiff has alleged against these Defendants in their individual capacity. Instead, these

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

1   allegations are nothing more than gratuitous references, included only to cause prejudice and

2   "inflame" the trier of fact.  *See Provencio v. Defense Technology, Corp. of Am.*, 2007 WL

3   2177800, *2 (C.D. Cal. July 27, 2007) (holding that granting a motion to strike is proper if the

4   allegations challenged are so unrelated to plaintiff's claims as to be unworthy of consideration

5   and that their presence in the pleadings will be prejudicial to the defendant).  For these reasons,

6   the Court should strike each and every allegation pertaining to HCA's alleged unlawful conduct

7   that has no bearing on the claims actually at issue in this matter.[3]

8        **B.        Portions Of The First Amended Complaint That Fall Outside
9                    The Applicable Statute Of Limitations Should Be Stricken.**

10           Plaintiff is limited to pleading allegations within the relevant statute of

11  limitations.  "Superfluous historical allegations," that fall outside the applicable statutes of

12  limitation are immaterial and impertinent to the claims at issue, and thus, are properly the subject

13  of a motion to strike.  Fed. R. Civ. P. 12(f); *Fantasy, Inc.*, 984 F.2d at 1528 (holding it proper to

14  strike allegations outside the limitations period because no proof of those allegations could be

15  admitted at trial); *Healing v. Jones*, 174 F. Supp. 211, 220 (1959); *McCauley v. Stanford Univ.*

16  *Med. Ctr.*, 2007 U.S. Dist. LEXIS 54050, *8-9 (N.D. Cal. July 17, 2007) (striking allegations

17  contained in the complaint with respect to events alleged to have occurred outside the limitations

18  period).  *See, e.g.*, FAC ¶¶ 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107 & 126.

19           Plaintiff's FAC is filled with such allegations, some of which reach as far back as

20  1992 (FAC ¶ 37), that clearly fall outside the applicable statutes of limitation.  For example, the

21  four year statute of limitations for antitrust actions limits Plaintiff's First, Second, Third, Fourth,

22  and Fifth Claims for Relief to conduct occurring after 2004.  *See* 15 U.S.C. § 15b; Docket No. 9

23  (FAC filed March 18, 2008).  Despite this, many of Plaintiff's allegations supporting his antitrust

24  _____

25  [3] Specifically, allegations pertaining to HCA's alleged unlawful conduct are included in the
    following:  Paragraphs 5, 34, 35, 36 & 38 of the FAC.

26

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

1    claims actually relate to purported anticompetitive activity occurring as far back as 1997

2    including, but not limited to, Plaintiff's allegations that his privileges were "withheld" in 1998

3    and "administratively suspended" in June 1999. FAC ¶ 45. However, Plaintiff then alleges that

4    his Sherman Act claims only allege violations "from 2004 to the present." FAC ¶¶ 78, 86, 91 &

5    95.

6           Plaintiff's allegations relating to conduct occurring prior to 2004 are time barred

7    and therefore cannot support Plaintiff's claims. Thus, any allegations regarding anticompetitive

8    behavior that fall outside the four year statute of limitations are irrelevant to the claims at issue,

9    and therefore should be stricken from the FAC. *Delta Theaters, Inc. v. Paramount Pictures, Inc.*,

10    158 F. Supp. 644, 646, 649 (E.D. La. 1958) (striking claims for antitrust damages arising outside

11    of antitrust limitations period).

12           Additionally, the two year statute of limitations under California Code of Civil

13    Procedure Section 339(1) bars allegations prior to 2006 for Plaintiff's state law claims for

14    Retaliation, Breach of Contract and Implied Covenant of Good Faith and Fair Dealing, and

15    Interference with Prospective Economic Relations. Allegations outside the two year time period

16    are immaterial and only serve to confuse the issues in the case, and should therefore be stricken.

17    These allegations include, but are not limited to, Plaintiff claims that the retaliation against him

18    dates back to 1992, pointing in particular to incidents occurring in 1996 and 1999. FAC ¶¶ 105-

19    106. Such allegations -- which occurred more than ten years ago -- clearly fall outside the two

20    year limitations period and can have no bearing on Plaintiff's claims. *See Order of Railroad*

21    *Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348-49 (1944) ("Statutes of

22    limitations . . . are designed to promote justice by preventing surprises through revival of claims

23    that have been allowed to slumber until evidence has been lost memories faded, and witnesses

24    have disappeared."); *Albillo-DeLeon v. Gonzalez*, 410 F.3d 1090, 1095 (9th Cir. 2005) (holding

25    that statutes of limitations are designed to assure fairness to defendants and promote the theory

26    that the right to be free from stale claims in time comes to prevail over the right to prosecute

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

1    them).  Where these allegations have no bearing on Plaintiff's claims, the Court should strike

2    each and every allegation that falls outside the applicable statute of limitations.

3          **C.**    **Plaintiff's Allegations For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fail To Go Beyond Mere Contract Breach.**

4

5               In his Seventh Claim for Relief, Plaintiff alleges two separate claims:  one for

6    breach of contract, and one for breach of the implied covenant of good faith and fair dealing.

7    FAC ¶¶ 113-122.  With regard to Plaintiff's breach of contract claim, Plaintiff identifies two

8    purported contracts that may have been breached.  First, Plaintiff alleges that an implied-in-fact

9    contract between Plaintiff and the Hospital arose when "the Hospital agreed to abide by the

10   Hospital Bylaws and the Medical Staff Bylaws to preserve Dr. Fox's privileges and business at

11   the Hospital."  FAC ¶ 115.  Second, Plaintiff alleges that an express contract arose with the

12   Hospital when "Dr. Fox signed agreements, submitted with each application for privileges,

13   agreeing to abide by these Hospital Bylaws and Hospital rules and regulations enacted under

14   these Bylaws."  FAC ¶ 116.  In conjunction with these breach of contract claims, Plaintiff alleges

15   a breach of the implied covenant of good faith and fair dealing occurred when Defendant Pichè

16   and Defendant Beaupre engaged in "a bad faith course of dealing with Dr. Fox."  FAC ¶¶ 118 &

17   119.  However, in an attempt to state a claim for breach of the implied covenant, Plaintiff relies

18   on the same allegations of misconduct by Defendant Pichè and Defendant Beaupre to support

19   that claim, as he alleges to support his breach of contract claim.[4]  *Id.*

20              If a plaintiff's allegations of breach of the implied covenant do not go beyond the

21   _____

22   [4]  Specifically, in Paragraph 118 of the FAC, Plaintiff alleges:  "The GSH BOT members

23   conspired to undertake a bad faith course of dealing with Dr. Fox including:  (a) pervasive denial of required fair procedure including summary suspension and repeated denial of hearing and appeal rights under the Hospital and Medical Staff Bylaws; (b) arbitrary and discriminatory rule-

24   making and rule enforcement; (c) constructively denying reappointment of Dr. Fox to the

25   medical staff in 2006 without cause and without required rights of notice and hearing."  FAC ¶ 118.

26

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

1    statement of a mere contract breach, and simply rely on the same acts alleged in a companion

2    breach of contract action, the allegations may be disregarded as superfluous. *See Guz v. Bechtel*

3    *Nat'l, Inc.*, 24 Cal. 4th 317, 352 (2000) (holding that if a plaintiff's allegations of breach of the

4    implied covenant simply rely on the same acts alleged in a companion breach of contract action,

5    the allegations may be disregarded as superfluous as no additional claim is actually stated);

6    *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) (holding

7    that if the allegations supporting a claim for breach of the implied covenant merely seek the same

8    damage or other relief claimed in a contract cause of action, they may be disregarded); *Lamke v.*

9    *Sunstate Equipment Co., LLC*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004) (dismissing

10   plaintiff's implied covenant claim, as adding nothing to his breach of contract claim).

11          In the FAC, Plaintiff fails to differentiate between his claims for breach of

12   contract and breach of the implied covenant of good faith and fair dealing. *See generally* FAC

13   ¶¶ 114-122. Plaintiff's failure to do so requires the Court to strike this claim on the grounds that

14   it is duplicative of Plaintiff's breach of contract claim.

15          **D.    Plaintiff Is Not Entitled To Damages For Emotional Distress**
            **Or Loss Of Reputation Resulting From Defendants' Alleged**
16          **Breach Of Contract.**

17          A motion to strike may be used to strike the prayer for relief where the damages

18   sought are not recoverable as a matter of law. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479,

19   n.34 (C.D. Cal. 1996); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005). The measure

20   of damages for breach of an obligation arising from contract is the amount that will compensate

21   the aggrieved party for all the detriment proximately caused by the alleged breach, or which, in

22   the ordinary course of things, would be likely to result from the breach. Cal. Civ. Code § 3300.

23   Under this rule, damages for mental suffering or injury to an individual's reputation are not

24   recoverable in a claim for breach of contract. *Erlich v. Menezes*, 21 Cal. 4th 543, 558 (1999)

25   (holding that plaintiffs cannot recover emotional distress damages for breach of contract);

26   *Walpole v. Prefab. Mfg. Co.*, 103 Cal. App. 2d 472, 489 (1951) (holding that damages for injury

7

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

A/72586527.1/2019871-2198710013

1    to an individual's reputation arising from a breach of contract generally are not recoverable

2    because they are considered too uncertain, speculative, and remote).  Moreover, because breach

3    of the implied covenant of good faith and fair dealing does not give rise to tort liability, only

4    contract damages are recoverable, tort damages are not.  *See Cates Constr., Inc. v. Talbot*

5    *Partners*, 21 Cal. 4th 28, 60-61 (1999) (holding that because the covenant of good faith and fair

6    dealing is essentially a contract term, compensation is limited to contract remedies).

7              Plaintiff improperly seeks damages for "loss of reputation, shame, despair,

8    humiliation, embarrassment, depression, and severe emotional distress" as a result of the alleged

9    breach of contract and implied covenant of good faith and fair dealing.  FAC ¶ 122.  Since this

10   request for relief is not recoverable as a matter of contract law, Defendants respectfully request

11   that these alleged damages be stricken from the FAC.

12   **V.**      CONCLUSION

13             For the reasons stated, Defendants respectfully request that the Court grant

14   Defendants' Joint Motion and thereby strike each and every immaterial paragraph identified

15   herein.

16   DATED:  July 3, 2008

17                                          BINGHAM McCUTCHEN LLP

18

19

20                        By:_____/s/ Beth McGowen_____
                                          BETH McGOWEN
21                                  Attorneys for Defendants
                                WILLIAM PICHÈ, PAUL N. BEAUPRE,
22                            M.D., ARTHUR W. DOUVILLE, M.D., and
                                     KENNETH I. TAN, M.D.
23

24

25

26

NOTICE OF MOTION AND DEFENDANTS' MOTION TO STRIKE

A/72586527.1/2019871-2198710013