James A. Hennefer (SBN 059490)
Joseph Wood (SBN 103596)
HENNEFER, FINLEY & WOOD
425 California Street, 19th Floor
San Francisco, CA 94104-2296
Telephone: (415) 421-6100
Facsimile:   (415) 421-1815

Attorneys for Plaintiff
RICHARD B. FOX, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Richard B. Fox, M.D.;<br><br>       Plaintiff,<br><br>vs.<br><br>William Piché, Paul N. Beaupre, M.D., Arthur W. Douville, M.D., Mark S. McConnell, M.D., and Kenneth I. Tan, M.D.;<br>       Defendants. | **CASE NO.    08-CV-01098 RS**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE PORTIONS OF PLAINTIFF"S FIRST AMENDED COMPLAINT**<br><br>Date:   August 20, 2008<br>Time:  9:30 a.m.<br>Place:  Courtroom 4<br>Judge: Honorable Richard Seeborg |

Plaintiff Richard B. Fox, M.D. ("Dr. Fox", or "Plaintiff") hereby submits this memorandum of points and authorities in opposition to the motion of defendants William Piché, Paul N. Beaupre, M.D., Arthur W. Douville, M.D., and Kenneth I. Tan, M.D. ("Defendants") to strike portions of the First Amended Complaint ("FAC") in this action.

## I. INTRODUCTION

Defendants' motion to strike was filed in conjunction with their Rule 12(b)(6) motion to dismiss. The motion to strike is largely dependent on the success of the motion to dismiss, because, if the Rule 12(b)(6) motion is denied in whole or in part and certain claims in the FAC are upheld, the motion to strike also fails as to paragraphs in the FAC containing allegations relevant to those claims. Dr. Fox has filed with this opposition to the motion to strike, his opposition to Defendants' Rule 12(b)(6) motion, "Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Joint Motion to Dismiss Pursuant to Federal Rule 12(b)(6)," Doc. No. 49 ("Fox Opp. to Mo. to Dismiss"). In order to avoid repetition of the factual summary and legal arguments set out in Dr. Fox's opposition to Defendants' Rule 12(b)(6) motion, Dr. Fox incorporates these into this opposition by this reference, and has, where appropriate, referenced the material from his opposition to Defendants' Rule 12(b)(6) motion by page and line numbers.

## II. SUMMARY

Defendants argue that a number of entire paragraphs in the FAC must be stricken because: (1) some allegations assert wrongful conduct, not by their clients, but by entities not a party to this action, namely, HCA, Inc., the employer of some of the Defendants and alleged co-conspirator of all of them (FAC ¶¶ 5, 34, 35, 36 & 38), (2) some allegations concern conduct outside the applicable statutes of limitations for federal antitrust and California state law claims (FAC ¶¶ 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107, 126), (3) the claims for breach contract and for breach of the covenant of good faith and fair dealing duplicate one another (FAC ¶¶ 114-122), and (4) the claims for breach of the covenant of good faith and fair dealing as a contact claim does not entitle Dr. Fox to tort damages as a matter of law (FAC ¶ 122).

As set out below, there are several fatal problems with Defendants' motion to strike. By seeking to throw out entirely all of these paragraphs, Defendants' motion would strike material which is highly relevant and material to claims not challenged. Because under both federal antitrust and state law the statute of limitations runs from the "last overt act" of a continuing

conspiracy, Defendants' motion would strike allegations that Judge Whyte found to be evidence that "the Hospital and the Medical Staff (including Defendants) unlawfully conspired to exclude Dr. Fox from offering his PICU and PVM care at Good Samaritan."  Defendants' motion would strike the entire breach of contract claim, although the law supports such a claim.  Defendants' motion, finally, would strike tort damages for breach of the covenant of good faith and fair dealing although no California has held that a hospital breaching its bylaws does not constitute a tort.

### III.  ARGUMENT

#### A.  Legal Standards

Motions to strike may be granted when "it is clear that the matter sought to be stricken <u>could have no possible bearing</u> on the subject matter of the litigation." *Rosles v. Citibank*, 133 F. Supp 2d, 1177, 1180 (N.D. Cal. 2001) (emphasis supplied).

Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.  *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000); *Coalprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D.Cal. 1991); *Bureerong v. Uvawas,* 922 F. Supp 1450, 1478 (C.D.Cal. 1996).  Material that proves to be irrelevant or immaterial, or more prejudicial than probative after development of the facts in the case and decisions on its legal claims, can be much more easily and accurately sorted out and eliminated from the trial than at the pleading stage.

As with Rule 12(b)(6) motions for failure to state a claim, the court, when ruling on a motion to strike, must view the pleading under attack in a light more favorable to the pleader.  *Lazar v. Trans. Union LLC*, 1955 FRD 665, 669 (C.D.Cal. 2000) ; *Galvin v. Cook*, 2000 WL 1226342 (D. Ore. 2000)

### B. Allegations Relating To HCA's Business Practices Bear On Dr. Fox's Tortious Interference Claim

Defendants move the Court to strike ¶¶ 5, 34, 35, 36, and 38 that relate to HCA, the employer of defendants Piché and Beaupre, on the grounds that they have "'no possible bearing' on the claims actually at issue in this matter." (Defendants' Memorandum of Points and Authorities in Support of Motion to Strike ("Def. Memo"), 3:13-14)

Initially, it should be noted that Defendants' Notice of Motion and Motion to Strike is defective because it seeks to strike <u>all</u> of the allegations in ¶¶ 5, 34, 35, 36 and 38 of the FAC, rather than just the parts of the paragraphs in the FAC that it claims have material that should be striken. Defendants Notice of Motion and Motion, 2:10-22. For example, ¶ 5 contains the allegations that "HCA and the GSH Medical Staff organization are defendants in a previous and related action filed in this court by Dr. Fox ("2004 Action"). GSH's for-profit owner, HCA, and its affiliates took over the non-profit GSH in 1996. . . . With defendants' active participation, HCA was able to violate or avoid legal requirements for "privileging" of Dr. Fox, retaliate against Dr. Fox for patient advocacy, and exclude Dr. Fox from providing PICU Services at GSH." These are highly relevant and material allegations. Defendants ask that the Court either throw out entire paragraphs with clearly relevant and material allegations, or, to guess at which portions of the entire paragraphs Defendants want thrown out should be excised.

A further problem with striking the entirety of ¶ 5 is that it contains material which is clearly relevant and material to tying HCA, Inc. to the acts of Defendants and goes directly to their motive for entering into a conspiracy with HCA to exclude Dr. Fox – quite apart from any RICO fraud. The FAC, at ¶ 5, also states: "HCA secured the cooperation of the individual defendants herein, through: (a) direct employment of them (Piché, Beaupre); (b) appointment of them to GSH positions (Piché, Beaupre, Douville); and (c) its contracts with them (McConnell, Tan)." As set out in the Fox Opp. to Mo. to Dismiss, at p. 21, and in the FAC, at ¶¶ 5, 11-12 and 74-76, Piché and Beaupre as employees of HCA and members of the GSH Board of Trustees and officers of the Medical Staff. As such they participated directly in the acts that excluded Dr. Fox.

*Fox v. Piché, et al.*   **MEMORANDUM IN OPP TO MOTION TO STRIKE**   Case No. 08-CV-0198 RS

-3-

Even addressing only the RICO fraud allegation parts of ¶¶ 5, 34, 35, 36, and 38, these allegations should not be stricken. Defendants' claim they were in no way connected to the RICO activities and these allegations are therefore "gratuitous references, included only to cause prejudice and inflame the jury" is simply not correct. (Def. Memo 3:21-4:2) As Dr. Fox alleges in the FAC, at ¶ 36, HCA, through its Good Samaritan unit, defrauded the federal Medicare program in 1996 and 1997. As Dr. Fox also alleges in the FAC at ¶ 11, defendant Piché has been CEO at Good Samaritan Hospital since 1997, during the period of the Medicare fraud. As further alleged in the FAC, at ¶ 41(b), CEO Piché gave defendant McConnell an unlawful de facto exclusive contract for pediatric ICU services at Good Samaritan Hospital, beginning in 1999. The RICO allegations and Piché and Beaupre's involvement in them is as relevant and material as the violations of EMTALA, which Judge Whyte in his Summary Judgment Order in the 2004 Action found provide evidence of an unlawful conspiracy to exclude Dr. Fox. (Fox Opp. to Mo. to Dismiss, page 16:7-8) This unlawful conspiracy and the continuing "overt acts" excluding Dr. Fox from 2004 through 2008, which are pleaded in the FAC, are highly relevant and material to the entire FAC.

If Dr. Fox can prove these allegations, this would support a conclusion that HCA and its Good Samaritan unit invested racketeering proceeds in the enterprise consisting of Dr. McConnell and his associates, Dr. Fox's direct competitors, in violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(a). This violation, in turn, could be independently wrongful conduct that tortiously interfered with Dr. Fox's prospective economic relations, as claimed in the Eighth Claim for Relief.

Thus, Dr. Fox's allegations regarding HCA's business practices, including its Medicare fraud history, have several at least a possible, if not highly likely, issues on which they bear in this litigation and should not be stricken.

**C.    None of the Allegations Fall Outside the Statute of Limitations**.

Defendants argue that all allegations of fact outside of the four year statute of limitations for antitrust claims and the two year statute of limitations under Cal. Code of Civ. Procedure § 339(1) should be stricken.   This would mean striking in their entirety the allegations in the FAC, at  ¶¶ 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107, 126.

These paragraphs, like ¶ 5 of the FAC, contain allegations which are highly relevant and material to claims that are clearly not barred by the statutes of limitation.  For example, ¶ 37 contains exact allegations which Judge Whyte ruled in the Summary Judgment Order in the 2004 Action  provide evidence of an unlawful conspiracy to exclude Dr. Fox – that Dr. Fox reported incidents of violations of patients' rights and was told by the Chief of Medical Staff to "watch [his] back." (Fox Opp. to Mo. to Dismiss, page 16:7-8)  This unlawful conspiracy and the continued "overt acts" excluding Dr. Fox from 2004 through 2008 pleaded in the FAC are highly relevant and material.

Moreover, as set out in great detail in the Fox Opp. to Mo. to Dismiss, at pages 9:10- 13:17, both the federal antitrust and the California state claims are not outside the statutes of limitations, as required for the Court to grant Defendants' motion to strike these paragraphs.

Thus, the entire allegations of  ¶¶ 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107, 126. in the FAC should not be stricken.

**D.    Dr. Fox's Claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing Are Not Redundant**

Defendants argue that, "[i]n his Seventh Claim for Relief, Plaintiff alleges two separate claims: one for breach of contract, and one for breach of the implied covenant of good faith and fair dealing" (Def. Memo, 6:5-6) and that the entirety of  ¶¶ 114-122 in the FAC should be stricken.  The essence of defendants' argument is that the "two separate claims" in these paragraphs amount to the same thing and that, therefore, the entire claim for relief should be stricken.

The first problem with this is, of course, that striking ¶¶ 114-122 would eliminate <u>both</u> the

claim for breach of contract <u>and</u> the claim for breach of the implied covenant of good faith and fair dealing – even though Defendants make no showing that the breach of contract claim is objectionable. See, Fox Opp. to Mo. to Dismiss, pages 18:20-19:7, showing that a hospital's bylaws are contracts which the hospital and medical staff may breach by violating. *Janda v. Madera Cmty. Hosp.*, 16 F. Supp.2d 1181, 1188 (E.D.Cal. 1998)

The California Supreme Court has, as Defendants claim held that claiming both a breach of contract and a breach of the implied covenant of good faith and fair dealing is redundant since, under contract, obligations as to the latter cannot extend farther than obligations under the former. *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 327 (2000):

> …although any breach of the actual terms of an employment contract also violates the implied covenant, the measure of damages for such a breach remains solely contractual. Hence, where breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous. On the other hand, where an implied covenant claim alleges a breach of obligations beyond the agreement's actual terms, it is invalid.

However, unlike *Guz,* the claim for breach of contract in this action sounds only in contract while the claim for breach of the implied covenant of good faith and fair dealing sounds in both contract and tort. Thus, *Guz* does not apply since "the measure of damages…[is] not solely contractual" in both cases.

The argument that supports classifying a breach of implied covenant of good faith and fair dealing in the context of hospital bylaws as tortious, due to the hospital's fiduciary trust relationship with its staff, patients and the public and due to its status as a highly regulated quasi-public institution, is set forth in the Fox Opp. to Mo. to Dismiss, at pages 19:8-21:2.

For these reasons, the entirety of ¶¶ 114-122 in the FAC should not be stricken, eliminating both the contract claim and the claim for breach of the covenant of good faith and fair dealing.

**E.    Damages for Emotional Distress and Loss of Reputation Resulting from the Tort of Breach of the Covenant of Good Faith and Fair Dealing are Recoverable.**

Defendants argue that the entirety of ¶ 122 in the FAC should be stricken because the

---

*Fox v. Piché, et al.*    **MEMORANDUM IN OPP TO MOTION TO STRIKE**    Case No. 08-CV-0198 RS

-6-

request for emotional distress and loss of reputation are "not recoverable as a matter of <u>contract</u> law." (Emphasis supplied.)  This, of course, assumes something that has not been decided in this action nor by any California court: whether due to the hospital's fiduciary trust relationship with its staff, patients and the public and due to its status as a highly regulated quasi-public institution, it meets the tests in *Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988) to categorize a breach of the covenant of good faith and fair dealing by a hospital or its medical staff who breach its bylaws as a tort.  The strong argument for this is set forth in the Fox Opp. to Mo. to Dismiss, at pages 19:8-21:2.  If this argument prevails,  ¶ 122 of the FAC should not be stricken.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motion to strike the entirety of  ¶¶ 5, 34, 35, 36 & 38); ¶¶ 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107,& 126;  ¶¶ 114-122 and ¶ 122 of the FAC should be denied.

Dated: July 30, 2008                                    HENNEFER, FINLEY & WOOD


                                                        By _____/s/ James A. Hennefer_____

                                                            James A. Hennefer
                                                            Attorneys for Plaintiff Richard B. Fox, M.D.

---

*Fox v. Piché, et al.*    **MEMORANDUM IN OPP TO MOTION TO STRIKE**    Case No.  08-CV-0198 RS

-7-