| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP<br>ROSS E. CAMPBELL (SBN 75998) |
| 2 | *ross.campbell@bingham.com*<br>BETH McGOWEN (SBN 148747) |
| 3 | *beth.mcgowen@bingham.com*<br>1900 University Avenue |
| 4 | East Palo Alto, CA  94303-2223<br>Telephone:  (650) 849-4400 |
| 5 | Facsimile:  (650) 849-4800 |
| 6 | DAVID C. HALL (*pro hac vice*)<br>*dhall@hpslaw.com* |
| 7 | HALL PRANGLE & SCHOONVELD, LLC<br>200 South Wacker Drive, Suite 3300 |
| 8 | Chicago, Illinois 60606<br>Telephone:  (312) 267-6201 |
| 9 | Facsimile:  (312) 345-9608 |
| 10 | Attorneys for Defendants<br>WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., |
| 11 | ARTHUR W. DOUVILLE, M.D., MARK S.<br>MCCONNELL, M.D., AND KENNETH I. TAN, M.D. |
| 12 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 17 | RICHARD B. FOX, M.D., | No. 08-CV-01098 RS |
| 18 | Plaintiff,<br>v. | DEFENDANT MARK S. MCCONNELL, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES |
| 19 | WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., ARTHUR W. DOUVILLE, M.D., MARK S. MCCONNELL, M.D., AND KENNETH I. TAN, M.D. | |
| 22 | Defendants. | Date:   September 10, 2008<br>Time:   9:30 a.m.<br>Place:  Courtroom 4<br>Judge:  Hon. Richard Seeborg |

DEFENDANT MARK S. MCCONNELL, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

A/72617686.2/2019871-2198710013

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF RICHARD B. FOX, M.D., AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Magistrate Judge Richard Seeborg, Courtroom 4, 5th Floor, United States District Court, 280 South First Street, San Jose, California, Defendant Mark S. McConnell, M.D. ("Defendant"), will and hereby does move this Court for an order dismissing each claim of Plaintiff Richard B. Fox M.D.'s First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has failed to state a claim upon which relief may be granted under: Sections 1 and 2 of the Sherman Act; Retaliation – Withholding of Hospital Privileges in Violation of Public Policy; and Interference with Prospective Economic Relations.

This motion is brought following the conference of counsel pursuant to the Standing Order of this Court. Counsel for the parties have agreed that the proposed hearing date for this motion will not cause undue prejudice.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings, papers and files in this action, including (1) portions of Defendants' Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) Defendants' Joint Motion to Strike Portions of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f), and such other argument as may be presented at or prior to the hearing on this motion.

2    No. 08-CV-01098 RS

DEFENDANT MARK S. MCCONNELL, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
A/72617686.2/2019871-2198710013

1  DATED: August 5, 2008
2
3                              BINGHAM McCUTCHEN LLP
4
5                              By:          /s/ Beth McGowen
                                        BETH McGOWEN
6                                       Attorneys for Defendants
                                  WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D.,
7                                 ARTHUR W. DOUVILLE, M.D., MARK S.
                              MCCONNELL, M.D., and KENNETH I. TAN, M.D.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 18, 2008, Plaintiff Dr. Richard B. Fox ("Plaintiff") filed suit against Defendants Mr. William Pichè, and Drs. Paul Beaupre, Arthur Douville, Mark McConnell, and Kenneth Tan (collectively, "Defendants") for the purpose of holding each of them individually liable for a myriad of claims, including violations of Sections 1 and 2 of the Sherman Act; retaliation in violation of public policy; breach of contract and the implied covenant of good faith and fair dealing; and intentional interference with prospective economic relations. As noted in Defendants' Mr. Piche, and Drs. Beaupre, Douville and Tan's Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Joint Motion to Dismiss") filed with the Court on July 3, 2008, Plaintiff has failed to set forth facts demonstrating that Defendants may be held individually liable for the claims alleged therein.

Moreover, Plaintiff has failed to set forth any facts in the requisite limitations period directly relating to Defendant Mark S. McConnell, M.D. ("Dr. McConnell" or "Defendant McConnell") upon which Plaintiff could state a claim for individual liability against him. The failure to allege such facts is fatal to Plaintiff's claims, and such defects cannot be cured in any amended pleading. Accordingly, Defendant McConnell respectfully requests that each claim referenced in the First Amended Complaint ("FAC") be dismissed with prejudice.

## II. JOINDER TO DEFENDANTS' JOINT MOTION TO DISMISS.

On July 3, 2008, Defendants Mr. Pichè, and Drs. Beaupre, Douville and Tan filed a Joint Motion to Dismiss. Docket No. 42. Defendant McConnell hereby joins in Defendants' motion and requests that the First through Sixth, and Eighth claims for relief in the FAC be dismissed not only as to Defendants, but also as to Dr. McConnell on the grounds set forth in Sections III.A through III.E.1 & III.E.3 of the Joint Motion to Dismiss.

Separately, in Section IV.A below, Defendant McConnell hereby seeks dismissal

of the First through Sixth, and Eighth Claims for Relief, on the ground that Plaintiff has not alleged any specific, separate conduct by Dr. McConnell, within the applicable statute of limitations period, that would warrant imposition of individual liability against Dr. McConnell. For these reasons and those stated in Defendants' Joint Motion to Dismiss, Defendant McConnell requests that each of the seven claims for relief directed to him in the FAC be dismissed with prejudice.

### III. SUMMARY OF ALLEGATIONS[1]

In the FAC, Plaintiff alleges that Defendant McConnell is a competing pediatric intensive care physician, as well as the founder and owner of a competing PICU Services group called the Northern California PICU Associates ("NorCal PICU"). FAC ¶¶ 2, 15. Plaintiff alleges that NorCal PICU provided Pediatric Critical Care Services ("PICU Services") for HCA at two HCA-affiliated hospitals: Good Samaritan Hospital ("GSH" or the "Hospital") and San Jose Medical Center ("SJMC") (until SJMC closed in 2004). FAC ¶¶ 2, 15, 39, 58.

In an attempt to state a claim against Dr. McConnell individually, Plaintiff sets forth allegations of Dr. McConnell's alleged misconduct beginning in December 1996 (more than eleven years prior to the filing of this action). Specifically, Plaintiff alleges Dr. McConnell wrote a letter to Thomas May, whom Plaintiff incorrectly identifies as "HCA's local CEO." FAC ¶¶ 40, 42. In that letter, Plaintiff contends that Dr. McConnell asked HCA to close down Plaintiff's competing PICU program at GSH "so that he could take over all those patients for his own PICU program" at SJMC. FAC ¶¶ 39 (alleging that Dr. McConnell ran the PICU at SJMC),

---

[1] For purposes of this motion, Defendant McConnell sets forth only those allegations directly relating to him. However, for the sake of completeness, Defendant hereby joins in the Summary of Allegations presented in Defendants' Joint Motion to Dismiss the FAC. Docket No. 42 (Joint Motion to Dismiss, at 5-6). The Summary of Allegations provided here is based on and limited to the facts Plaintiff asserted in the FAC. Although all allegations of material fact are taken as true for purposes of this motion (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citations omitted)), Defendant reserves the right to contest these facts for any other purpose in this litigation.

40. Plaintiff contends Dr. McConnell justified this request to HCA by arguing that Plaintiff's competing PICU program at GSH was bad for his business and therefore was bad for HCA. FAC ¶ 83.

Plaintiff then alleges that a multitude of events were put into motion as a direct result of Dr. McConnell's December 1996 request. First, Plaintiff alleges that the movement to change the alternate call coverage rule for physicians requesting PICU privileges started in early 1997 as a direct result of Dr. McConnell's letter to Mr. May. FAC ¶ 42. Second, HCA allegedly employed the first of four separate means to divert Plaintiff's PICU patients to NorCal PICU at SJMC, which included transferring pediatric emergency room patients at GSH to NorCal PICU associates at SJMC (allegedly in violation of EMTALA). *See* FAC ¶ 41.[2]

Third, in 1999, three years after Dr. McConnell's letter to Mr. May, Plaintiff alleges that HCA entered into a contract with NorCal PICU, pursuant to which NorCal PICU was to provide 24/7 coverage of PICU patients at GSH, and all PICU patients at GSH were to be referred to NorCal PICU. FAC ¶¶ 2, 15, 21, 83.[3] Plaintiff alleges that this contract served to divert Plaintiff's PICU patients to NorCal PICU. FAC ¶ 41. Further, Plaintiff contends that this contract improperly made NorCal PICU an exclusive "gate keeper" for PICU alternate call coverage at GSH, as Plaintiff would be forced to obtain his PICU alternate call coverage from NorCal PICU physicians, thus creating an unlawful market allocation in favor of the NorCal PICU group and a *de facto* exclusive contract for NorCal PICU members. FAC ¶¶ 41, 90.

---

[2] Paragraph 41 of the FAC provides that "HCA employed four means to divert Dr. Fox's PICU patients to Dr. McConnell's group. These included: (a) transferring pediatric emergency room patients at GSH to Dr. McConnell's group at San Jose Medical Center (against the federal EMTALA law); (b) giving Dr. McConnell's group a *de facto* exclusive PICU contract at GSH; (c) forcing Dr. Fox to obtain his PICU alternate call coverage exclusively from Dr. McConnell by applying alternate coverage rules that Dr. Fox could meet only by joining with the McConnell group; and (d) denying Dr. Fox medical privileges at GSH." FAC ¶ 41.

[3] Plaintiff further speculates that the NorCal PICU contract was subsidized by HCA's alleged illegal profits, yet Plaintiff provides no factual basis for this conclusion. FAC ¶ 39.

1  The FAC, however, is devoid of any allegations relating to the alleged misconduct of either NorCal PICU or Dr. McConnell from 1999 until 2004. *See generally* FAC.[4] It is only in 2004 that Plaintiff alleges what he claims constitutes further misconduct by NorCal PICU: NorCal PICU's alleged request at a meeting of the Good Samaritan Hospital Medical Staff's Pediatric Executive Committee of May 21, 2004, that the rules governing PICU privileges be amended to require PICU privilege applicants to be either "board certified or board prepared" in Pediatric Critical Care Medicine. FAC ¶ 50.

Despite these allegations as to NorCal PICU, Plaintiff does not allege any wrongdoing by Dr. McConnell in 2004. More importantly, Plaintiff admits that the allegations referenced above continued as to Dr. McConnell only through 2004. FAC ¶ 21. As Plaintiff admits, Dr. McConnell left NorCal PICU to practice in Idaho (FAC ¶ 53) following the closure of SJMC in late 2004. FAC ¶ 58. In light of Dr. McConnell's departure for Idaho, and Plaintiff's allegation that each Defendant in this matter only participated in the actions taken from 2004 through 2008 (*see* FAC ¶ 45), the FAC fails to set forth any allegations regarding alleged misconduct undertaken by Dr. McConnell from 2004 through 2008.

## IV.  ARGUMENT

### A.  Each Of Plaintiff's Antitrust Claims And State Law Claims Should Be Dismissed On The Grounds That Plaintiff Has Failed To Allege Sufficient Facts To State a Claim For Relief.

As stated in Section III.A of Defendants' Joint Motion to Dismiss, a motion to dismiss for failure to state a claim lies whenever plaintiff has failed to allege "enough facts to state a claim that is plausible on its face." Fed. R. Civ. Proc. 12(b)(6); *Bell Atlantic v. Twombly,* ___ U.S. __, 127 S. Ct. 1955, 1965, 1974 (2007). Here, Plaintiff has blatantly failed to allege

---

[4] Further, Plaintiff alleges in Paragraph 58 that after Dr. McConnell went to Idaho only two physicians, who were previously associated with NorCal PICU, remained at GSH. FAC ¶ 58. By this allegation, and those in Paragraphs 59 through 61 thereafter, it appears that the NorCal PICU either no longer existed or no longer contracted to provide PICU Services at GSH.

7                                                                                                    No. 08-CV-01098 RS

DEFENDANT MARK S. MCCONNELL, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
A/72617686.2/2019871-2198710013

1  any facts, occurring within the relevant statute of limitations period, upon which Plaintiff can
2  base either his antitrust or state law claims against Dr. McConnell.

3      Specifically, the FAC does not contain any allegations of wrongdoing by
4  Dr. McConnell from 2004 to present. *See generally* FAC. In fact, Plaintiff even admits that the
5  allegations in the FAC pertaining to Dr. McConnell only apply to him through 2004 (FAC ¶ 21)
6  because Dr. McConnell left NorCal PICU to practice in Idaho (FAC ¶ 53) following the closure
7  of SJMC in late 2004 (FAC ¶ 58).[5] In light of Dr. McConnell's departure for Idaho, and
8  Plaintiff's allegation that each of the named Defendants only participated in the actions taken
9  from 2004 through 2008 (*see* FAC ¶ 45), the FAC fails to set forth any allegations from 2004
10 through 2008 upon which Plaintiff can base a claim for relief against Dr. McConnell.

11     To the extent Plaintiff intends to rely on the allegations set forth in the FAC
12 occurring prior to 2004, Plaintiff's claims fail on the ground that such claims are time-barred by
13 the applicable statutes of limitation. 15 U.S.C. § 15b (four year statute of limitations for antitrust
14 violations); *see Pace Indus., Inc. v. Three Phoenix Co.,* 813 F.2d 234, 237 (9th Cir. 1987)
15 (explaining that plaintiff must allege an injury caused by the defendant which occurred during
16 the applicable *four year* statute of limitations period of 15 U.S.C. § 15b to state a claim for
17 relief); Cal. Code of Civ. Proc. § 339(1) (setting forth a two year statute of limitations for
18 Plaintiff's state law claims); *see Edwards v. Fresno Cmty. Hosp.*, 38 Cal. App. 3d 702, 704, 706
19 (1974) (holding that an action for wrongful denial of hospital privileges falls within the two year
20 period of § 339(1) and that "[i]t is the nature of the right sued upon, not the form of the
21 action . . . that determines the limitations period.").

---

[5] To the extent Plaintiff seeks to hold Defendant McConnell individually liable for conduct taken on behalf of NorCal PICU Associates following Plaintiff's departure in 2004, Plaintiff's argument fails as a matter of law. *Frances T. v. Village Green Owners Ass'n*, 42 Cal. 3d 490, 503 (1986) (holding that an officer will not be liable for torts in which he did not personally participate).

As set forth in Section III.B of Defendants' Joint Motion to Dismiss, Plaintiff cannot rely upon historical allegations falling outside the applicable statute of limitations to state a claim for relief. *See Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980); *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir. 1994) (holding that a motion to dismiss for failure to state a claim lies whenever the facts and dates alleged in the complaint indicate the claim is barred by the applicable statute of limitations).  Thus, even if Plaintiff did have a claim for relief based on, among other things, Dr. McConnell's December 1996 letter to Mr. May (FAC ¶¶ 40, 42), or the NorCal PICU contract entered into in 1999 (FAC ¶¶ 2, 15, 21, 83), Plaintiff still would not be able to state a claim for relief as those claims are time-barred by the applicable statutes of limitations.

Where Plaintiff has failed to allege any facts attributing unlawful conduct to Defendant McConnell during the relevant time period, Plaintiff fails to state a claim for relief. Accordingly, each of Plaintiff's First through Sixth, and Eighth Claims for Relief should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant McConnell respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice.

DATED:  August 5, 2008

BINGHAM McCUTCHEN LLP


By:  /s/ Beth McGowen
BETH McGOWEN
Attorneys for Defendants
WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D.,
ARTHUR W. DOUVILLE, M.D., MARK S.
MCCONNELL, M.D., and KENNETH I. TAN, M.D.

9   No. 08-CV-01098 RS

DEFENDANT MARK S. MCCONNELL, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
A/72617686.2/2019871-2198710013