BINGHAM MCCUTCHEN LLP
ROSS E. CAMPBELL (SBN 75998)
*ross.campbell@bingham.com*
BETH McGOWEN (SBN 148747)
*beth.mcgowen@bingham.com*
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: (650) 849-4400
Facsimile: (650) 849-4800

DAVID C. HALL (*pro hac vice*)
*dhall@hpslaw.com*
HALL PRANGLE & SCHOONVELD, LLC
200 South Wacker Drive, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 267-6201
Facsimile: (312) 345-9608

Attorneys for Defendants
WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D.,
ARTHUR W. DOUVILLE, M.D., AND KENNETH I. TAN, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD B. FOX, M.D.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., ARTHUR W. DOUVILLE, M.D., MARK S. MCCONNELL, M.D., AND KENNETH I. TAN, M.D.<br><br>　　　　　Defendants. | No. 08-CV-01098 RS<br><br>DEFENDANTS' REPLY TO JOINT MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Date:　　August 20, 2008<br>Time:　　9:30 a.m.<br>Place:　　Courtroom 4<br>Judge:　　Hon. Richard Seeborg |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's attempt to address the issues set forth in Defendants' Mr. William Pichè and Drs. Paul Beaupre, Arthur Douville and Kenneth Tan's Motion to Strike ("Motion") is unavailing. Despite his arguments to the contrary, Plaintiff fails to adequately rebut the issues raised in the Motion to Strike, including: (1) how conduct by non-party entities are relevant to Plaintiff's claims against Defendants, individually; (2) why conduct that falls outside the applicable limitations period should remain in the FAC; (3) why this Court should adopt an unprecedented theory as to how Plaintiff's breach of the implied covenant of good faith and fair dealing claim differs from his breach of contract claim; and (4) why Plaintiff should be given relief to which he is not entitled as a matter of contract law. For the reasons set forth in Defendants' moving papers and those set forth below, the Court should strike the following paragraphs from the FAC: 5, 34, 35, 36, 37, 38, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107, 114-122, and 126.

### II.   STANDARD OF REVIEW

This Court has clear authority to strike any allegation in a complaint when an allegation is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A motion to strike is not disfavored when the striking of such allegations promotes concise and direct pleadings, avoids the unnecessary expenditure of time and money, and eliminates confusion as to the claims actually at issue in a case. *Id.*; *see Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1966 (2007) (explaining in the context of a Rule 12(b)(6) motion, that largely groundless claims should "be exposed at the point of minimum expenditure of time and money by the parties and the court," so as to avoid the potentially enormous expense of discovery (internal citations omitted)).

1    Here, Plaintiff seeks to avoid the striking of paragraphs, each of which has no
2    substantive relationship to the claims at issue in this case, arguing (without citing to authority)
3    that Plaintiff should be allowed to conduct discovery, and then determine whether evidence has
4    been gleaned that is relevant to the claims at issue. *See Fantasy, Inc.*, 984 F.2d at 1527;
5    *Hernandez v. Balakian*, 480 F. Supp. 2d 1198, 1214 (E.D. Cal. 2007) (holding that a plaintiff is
6    not entitled to conduct a fishing expedition to substantiate allegations in his complaint); *see also*
7    *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984) ("[T]he costs of
8    modern federal antitrust litigation and the increasing caseload of the federal courts counsel
9    against sending the parties into discovery when there is no reasonable likelihood that the
10   plaintiffs can construct a claim from the events related in the complaint."); s*ee* Plaintiff's
11   Opposition to Motion to Strike ("Opp."), at 2. Plaintiff's argument is without merit. Plaintiff
12   should not be permitted to pursue discovery relating to allegations which, on their face, do not
13   bear any relationship to the claims at issue. *See* Notice of Motion, at 2. Where such allegations
14   have no bearing on the claims asserted against these Defendants, they properly remain subject to
15   a motion to strike. *See Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

16   **III.   ARGUMENT**

17   **A.   Allegations Relating To HCA's Business Practices And Criminal Indictment (Paragraphs 5, 34, 35, 36, 38) Have No Bearing On The Individual Defendants' Liability.**
18

19   Allegations of HCA's business practices or criminal indictment have no bearing
20   on the eight claims for relief Plaintiff has asserted against these Defendants in their individual
21   capacities. Yet, Plaintiff attempts to justify the inclusion of these allegations in the FAC under
22   two theories: (1) that the material set forth in Paragraph 5 is required to tie HCA to the acts of
23   Defendants and goes directly to their motive for entering into a conspiracy with HCA to exclude
24   Plaintiff; and (2) if Plaintiff can prove these allegations, this would support a violation of the
25   Racketeer Influenced Corrupt Organizations Act ("RICO"). Plaintiff theorizes that RICO could,
26   in turn, be the "independently wrongful conduct that tortiously interfered with Dr. Fox's

DEFENDANTS' REPLY TO JOINT MOTION TO STRIKE

A/72619110.1/2019871-2198710013

prospective economic relations, as claimed in the Eighth Claim for Relief." Opp., at 4. Plaintiff's argument fails on both counts.

In arguing the two theories above, Plaintiff misses the crux of Defendants' argument: Plaintiff is only permitted to assert allegations which pertain to the claims at issue in this matter. HCA is not a party to this matter, and Plaintiff has not attempted to assert a RICO cause of action against Defendants in the FAC. *See generally* FAC. Rather, Plaintiff chose to set forth a myriad of antitrust and state law claims against Defendants in their *individual capacities*. FAC ¶¶ 74-76. Plaintiff's decision to seek such liability mandates that Plaintiff set forth allegations relating to *these* Defendants and that *their* conduct be relevant to *these* claims. Plaintiff has failed to do so, and his attempt to compensate for this failure by mixing in allegations of HCA's alleged Medicare fraud and RICO violations is improper.

Plaintiff's claim that these allegations are required to allege a conspiracy, including tying HCA to acts of Defendants and demonstrating Defendants' alleged motives, is also without merit. Plaintiff cites no legal authority for this proposition, and thereby fails to rebut Defendants' contention that allegations of non-party HCA's prior conduct have no bearing on the claims alleged in this matter.[1]

Second, Plaintiff asserts that even if the Medicare fraud and RICO allegations do not apply to the first seven claims, Plaintiff's RICO claim could serve as the independently unlawful act required to state a claim for tortious interference with prospective economic relations. Yet, Paragraph 126 of Plaintiff's Eighth Claim for Relief does not even allege a RICO violation as one of the five asserted independently wrongful acts of Defendants which would support his claim. *See* FAC ¶ 126. Even if Plaintiff did allege a RICO violation for this purpose,

---

[1] Plaintiff does not allege that any of the Defendants personally or individually were involved in this "nationwide Medicare fraud scheme" that allegedly took place in 1996 and 1997, or HCA's criminal indictment in 2002. *See generally* FAC ¶¶ 5, 34, 35, 36.

Plaintiff's claim would remain subject to this Motion on the ground that the conduct of HCA -- which is not a party to this present action -- cannot form the underlying basis of Plaintiff's tortious interference claim against Defendants. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1135, 1153, 1159 (2003) (holding that plaintiff has the burden of pleading and proving that the defendant's conduct was wrongful in some way beyond the fact of the interference itself). Thus, Plaintiff's reliance on this claim as the grounds for asserting the relevance of these RICO allegations is entirely misplaced.[2]

Since allegations of HCA's conduct is wholly irrelevant to stating a claim against *these* Defendants, and where Plaintiff did not plead such an allegation as part of the Eighth Claim for Relief, assertions that HCA has: a "long history of unlawful business practices" (FAC ¶ 34), "pleaded guilty to multiple criminal acts" in 2002 (FAC ¶ 35), or participated in a "nationwide Medicare fraud scheme" in 1996 and 1997 (FAC ¶¶ 5, 36) must be stricken from the FAC as they are prejudicial and can have "no possible bearing" on the individual liability claims at issue in this litigation. *Rosales v. Citibank*, 133 F. Supp. 2d at 1180; *Provencio v. Defense Technology Corp. of Am.*, 2007 WL 2177800, *2 (C.D. Cal. July 27, 2007) (holding that granting a motion to strike is proper if the allegations challenged are so unrelated to plaintiff's claims that their presence in the pleadings will be prejudicial to defendant).

**B.    Portions Of The FAC That Fall Outside The Applicable Statutes of Limitations (Paragraphs 37, 40, 42, 44, 45(a)-(f), 83, 84, 85, 105, 106, 107, 126) Should Be Stricken.**

Plaintiff offers no substantive response to Defendants' argument that "superfluous

---

[2] Even if Plaintiff had alleged a RICO violation as the requisite independently wrongful act, Plaintiff could not plausibly argue that a "nationwide" scheme was done with the design and knowledge that it would specifically injure Plaintiff or that it was substantially certain to interfere with Plaintiff's prospective economic relations. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1165 (2003) (reasoning that "[t]his interference becomes less certain as the time frame expands, the identity of potential victims becomes more vague, the causal sequence becomes more attenuated, and the assumption of easy preventability becomes less plausible.").

1  historical allegations" falling outside the applicable statute of limitations are immaterial to the
2  claims at issue, other than directing the Court to review his Opposition to the Motion to Dismiss
3  filed therewith. *See* Opp., at 5. Instead, Plaintiff asserts the conclusory statement that these
4  allegations are "highly relevant and material to claims that are clearly not barred by the statutes
5  of limitation."[3] Opp., at 5. Plaintiff's argument is wrong. As set forth in Defendants' moving
6  papers, allegations that fall outside the applicable statute of limitations cannot be relied upon to
7  state a claim for relief, even if Plaintiff's claims are not time-barred. Motion, at 4-6. *See*
8  *Fantasy, Inc. v. Fogarty*, 984 F.2d at 1528 (affirming district court order striking allegations
9  outside the limitations period because no proof of those allegations could be admitted at trial);
10 *McCauley v. Stanford Univ. Med. Ctr.*, 2007 U.S. Dist. LEXIS 54050, *8-9 (N.D. Cal. July 17,
11 2007) (striking allegations contained in the complaint with respect to events alleged to have
12 occurred outside the limitations period). Plaintiff cannot base his claim on allegations falling
13 outside the applicable statutes of limitation; thus, Paragraphs 37, 40, 42, 44, 45(a)-(f), 83, 84, 85,
14 105, 106, 107, and 126 must be stricken on the grounds that they are impertinent, immaterial,
15 and would lead to a waste of judicial resources.

16  **C.  Plaintiff's Allegations Of Breach Of Contract And Breach Of The Implied Covenant Of Good Faith And Fair Dealing Are Duplicative.**

17  Defendants do not contend, as Plaintiff asserts in his Opposition, that the entire
18  Seventh Claim should be stricken from the FAC. Opp., at 5. Rather, Defendants contend (as set
19  forth in their moving papers), that Plaintiff's allegations supporting a breach of the implied
20  covenant should be stricken because those allegations fail to go beyond a statement of a mere

---

[3] Plaintiff then attempts to bolster this argument by citing to Judge Whyte's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, dated October 9, 2007, in the related case *Fox v. Good Samaritan Hospital, et al.* (Case No. 5:04-cv-00874-RS). Plaintiff's reliance on this Order is improper, as Plaintiff has not and cannot offer any basis for applying the orders in that matter to the present case. *See Starker v. U.S.*, 602 F.2d 1341, 1344 (9th Cir. 1979) (holding that a party against whom issue preclusion is invoked must have been fully represented in the prior action).

1  contract breach.  Motion, at 6-7; *see Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 352 (2000)
2  (explaining that where a plaintiff simply relies on the same acts alleged in a companion breach of
3  contract action to state a breach of the implied covenant, the allegations asserting a breach of the
4  implied covenant may be disregarded as superfluous).

5  Plaintiff readily admits that striking such allegations is warranted when both the
6  breach of contract and breach of the implied covenant claims sound in contract.  Opp., at 6.
7  However, Plaintiff attempts to keep his breach of the implied covenant claim alive, by asserting
8  the unprecedented argument that, despite Plaintiff's reliance on the same breach of contract
9  allegations, this claim should remain at issue because Plaintiff's claim sounds in tort, not
10 contract.  Plaintiff is incorrect.

11 The California Supreme Court has held that breach of the implied covenant does
12 not give rise to tort liability, in a non-insurance context, in the absence of a violation of an
13 independent duty arising from tort law, other than the bad faith denial of the existence of, or
14 liability under, the breached contract.  *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85,
15 102 (1995).[4]  Moreover, no California court has extended the theory of a tortious breach of the
16 implied covenant of good faith and fair dealing beyond the insurance context.  *Id.* (cautioning
17 courts to take great care in considering whether to extend the "exceptional approach" taken in
18 insurance cases to another contract setting); *see Cates Constr., Inc. v. Talbot Partners*, 21 Cal.
19 4th 28, 46, n.9 (1999); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399,
20 n.25 (1990).  Plaintiff attempts to overcome this precedent (without citation to relevant authority)
21 by arguing that a tortious breach of the implied covenant claim should be extended here because
22 a hospital owes a physician an independent duty arising from tort law.  Plaintiff's argument is
23 without merit.

---

25 [4] A decision of a California Court of Appeal on a question of state law is binding on the federal
courts.  *West v. Am. Tel & Tel. Co.*, 311 U.S. 233, 237 (1940).

DEFENDANTS' REPLY TO JOINT MOTION TO STRIKE

A/72619110.1/2019871-2198710013

1   State law requires a hospital to set forth procedures for the selection and reappointment of its medical staff, not for the benefit of the physician, but rather, in furtherance of assuring the provision of quality patient care. 22 Cal. Admin. Code §§ 70701, 70703. *See Cipriotti v. Bd. of Dir.*, 144 Cal. App. 3d 144, 157 (1983) (holding that "it is important to remember that license suspension, revocation or other similar disciplinary proceedings involving licensees are not for the purpose of punishment but primarily to protect the public served by the licensee . . ."); *Elam v. College Park Hosp.*, 132 Cal. App. 3d 332, 346 (1982) (holding that a hospital owes its *patients* a legal duty to exercise reasonable care in selecting, reviewing and periodically evaluating the competency of the physician it permits to treat patients within its facilities); *Miller v. Eisenhower Med. Ctr.*, 27 Cal. 3d 614, 628 (1980) ("It cannot be denied that the providing of high quality patient care is, quite properly, the primary concern of all hospital institutions.").

Given that a hospital owes a duty of care only to its patients, not to the individual physicians who practice in the hospital, Plaintiff cannot allege the requisite independent tort duty that would permit Plaintiff to pursue a breach of the implied covenant under a tort theory. Since Plaintiff's claims may only be pursued under a contract theory, and Plaintiff has failed to distinguish between his allegations for breach of contract and breach of the implied covenant, any allegations in Paragraphs 114-122 alleging a breach of the implied covenant should be stricken from the FAC.

**D.   Plaintiff Is Not Entitled To Tort Damages For The Alleged Breach Of The Implied Covenant Of Good Faith And Fair Dealing Or Breach Of Contract.**

A party claiming breach of the implied covenant in a non-insurance context is limited to contract damages, as tort damages are unavailable. *Cates Constr., Inc.*, 21 Cal. 4th at 60-61 (explaining that because the covenant of good faith and fair dealing "essentially is a contract term that aims to effectuate the contractual intentions of the parties," compensation for its breach is limited to contract rather than tort remedies). *See also* Cal. Civ. Code § 3300

1  (explaining that the measure of damages for breach of an obligation arising from contract is the
2  amount that will compensate the aggrieved party for all the detriment proximately caused by the
3  alleged breach, or which would be likely to result from the breach).  Because tort damages are
4  unavailable for claims of breach of contract and breach of the implied covenant, damages for
5  mental suffering or injury to an individual's reputation are not recoverable.  *Erlich v. Menezes*,
6  21 Cal. 4th 543, 558 (1999) (holding that plaintiffs cannot recover emotional distress damages
7  for breach of contract); *Walpole v. Prefab. Mfg. Co.*, 103 Cal. App. 2d 472, 489 (1951) (holding
8  that damages for injury to an individual's reputation arising from a breach of contract generally
9  are not recoverable).

10  Therefore, Plaintiff's request for damages for "loss of reputation, shame, despair,
11  humiliation, embarrassment, depression, and severe emotional distress" (FAC ¶ 122) should be
12  stricken from the FAC.

13  **IV.   CONCLUSION**

14  For the reasons stated, Defendants respectfully request that the Court grant
15  Defendants' Joint Motion and thereby strike each and every immaterial paragraph identified in
16  the Notice of Motion.

17  DATED:  August 6, 2008

18                                      BINGHAM McCUTCHEN LLP

21                              By:_____/s/ Beth McGowen_____
                                    BETH McGOWEN
22                              Attorneys for Defendants
                                WILLIAM PICHÈ, PAUL N. BEAUPRE,
                                M.D., ARTHUR W. DOUVILLE, M.D., AND
23                              KENNETH I. TAN, M.D.

DEFENDANTS' REPLY TO JOINT MOTION TO STRIKE

A/72619110.1/2019871-2198710013