JAMES A. HENNEFER (SBN 059490)
*jhennefer@hennefer-wood.com*
HENNEFER FINLEY & WOOD
425 California Street, 19th Floor
San Francisco, CA 94104-2296
Telephone: (415) 421-6100
Facsimile: (415) 421-1815

Attorneys for Plaintiff RICHARD B. FOX, M.D.

BINGHAM MCCUTCHEN LLP
ROSS E. CAMPBELL (SBN 75998)
*ross.campbell@bingham.com*
BETH McGOWEN (SBN 148747)
*beth.mcgowen@bingham.com*
1900 University Avenue
East Palo Alto, CA 94303-2223
Telephone: (650) 849-4400
Facsimile: (650) 849-4800

Attorneys for Defendants WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., ARTHUR W. DOUVILLE, M.D., MARK S. MCCONNELL, M.D., and KENNETH I. TAN, M.D.

*Additional counsel on next page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD B. FOX, M.D.,<br><br>          Plaintiff,<br><br>     v.<br><br>WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., ARTHUR W. DOUVILLE, M.D., MARK S. MCCONNELL, M.D., AND KENNETH I. TAN, M.D.,<br><br>          Defendants. | No. 08-CV-01098 RS<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date:   August 20, 2008<br>Time:   2:30 p.m.<br>Place:  Courtroom 4<br>Judge:  Hon. Richard Seeborg |

| | |
|---|---|
| 1 | HALL PRANGLE & SCHOONVELD, LLC |
| | DAVID C. HALL (*pro hac vice*) |
| 2 | *dhall@hpslaw.com* |
| | 200 South Wacker Drive, Suite 3300 |
| 3 | Chicago, IL  60606 |
| | Telephone:  (312) 267-6201 |
| 4 | Facsimile:  (312) 345-9608 |
| | |
| 5 | Attorneys for Defendants WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., ARTHUR W. DOUVILLE, M.D., |
| 6 | MARK S. MCCONNELL, M.D., and KENNETH I. TAN, M.D. |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

Plaintiff Richard B. Fox, M.D. ("Plaintiff") and Defendants William Pichè, Paul N. Beaupre, M.D., Arthur W. Douville, M.D., Mark S. McConnell, M.D., and Kenneth I. Tan, M.D. (collectively, "Defendants") jointly submit this Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9, and request the Court adopt it as its Case Management Order in this case.

1. Jurisdiction And Service

This Court has subject matter jurisdiction over Plaintiff's First through Fifth Claims for Relief, alleging violations of Sections 1 and 2 of the Sherman Act, pursuant to 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's Sixth through Eighth Claims for Relief, alleging violations of California state law, pursuant to 28 U.S.C. § 1367. No issues exist regarding personal jurisdiction or venue.

2. Facts

Good Samaritan Hospital first administratively suspended, then withheld, Plaintiff's pediatric critical care and pediatric ventilator management privileges pursuant to an alternate call coverage rule enacted in April 1999. These privileges have never been restored.

Plaintiff alleges claims under Sections 1 and 2 of the Sherman Act, as well as supplemental state law claims. The principal factual issues in dispute are as follows:

Whether there existed a conspiracy to exclude Plaintiff from practice at Good Samaritan Hospital or elsewhere;

Whether Defendants deliberately delayed or failed to act on the privilege applications of Plaintiff's or Plaintiff's designated alternatives;

Whether the alternate call coverage rule was enacted or applied in a discriminatory or retaliatory manner;

Whether other rules affecting privileging were enacted improperly or applied in a discriminatory or retaliatory manner;

1. Whether Good Samaritan Hospital constitutes the relevant geographic market for Plaintiff's antitrust claims;

2. Whether Defendants retaliated against Plaintiff for the exercise of protected activity;

3. Whether Plaintiff has been injured by any act(s) by Defendants.

3. <u>Legal Issues</u>

The primary disputed points of law are as follows:

Whether Plaintiff's claims are time-barred by the applicable statutes of limitations;

Whether Plaintiff's claims are barred by the doctrines of res judicata or collateral estoppel;

Whether Defendants may be sued in their individual capacity for the claims alleged;

Whether Defendants' alleged conduct constitutes an unreasonable restraint of trade;

Whether Defendants' alleged conduct constitutes monopolization and/or an attempt to monopolize;

Whether Defendants' conduct in connection with Plaintiff's privilege applications constitutes unlawful retaliation under Cal. Bus. & Prof. Code § 2056;

Whether the Hospital Bylaws constitute an enforceable contract between Plaintiff and Defendants Mr. Pichè and Dr. Beaupre;

If so, whether Defendant Pichè's and Defendant Beaupre's alleged conduct in connection with Plaintiff's privilege applications constitutes a breach of contract and/or a breach of the implied covenant of good faith and fair dealing under California law;

Whether Defendants' conduct in connection with Plaintiff's privilege applications constitutes interference with prospective economic relations;

### 4. Motions

On July 3, 2008, Defendants Mr. Pichè, and Drs. Beaupre, Douville, and Tan filed a Joint Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 42), and a related Joint Motion to Strike Portions of the First Amended Complaint. (Docket No. 43). The hearings for both of these motions are currently scheduled for August 20, 2008.

On August 5, 2008, Defendant Dr. McConnell filed a Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), in which he joined portions of Defendants' Joint Motion to Dismiss. (Docket No. 51). Defendant McConnell also joined in Defendants' Mr. Pichè, and Drs. Beaupre, Douville, and Tan Joint Motion to Strike Portions of the First Amended Complaint. (Docket No. 53). The hearings for Dr. McConnell's motions are currently scheduled for September 10, 2008.

Subject to the Court's ruling on these motions, Defendants may seek to file dispositive motions in this case including, but not limited to, a motion for judgment on the pleadings, and a motion for summary judgment and/or summary adjudication of the First Amended Complaint.

### 5. Amendment Of Pleadings

Plaintiff filed a First Amended Complaint on March 18, 2008. (Docket No. 9). The parties anticipate amendment of the pleadings following the Court's ruling on Defendants' motions to dismiss and motions to strike set forth in Section 4 above. To date, the parties do not anticipate the joinder of any additional parties.

### 6. Evidence Preservation

Defendants have been placed on notice of all categories of documents that are potentially relevant, and have been directed to maintain such documents.

7. <u>Disclosures</u>

The parties have stipulated to stay the exchange of initial disclosures until after the pleadings in this matter have closed.

8. <u>Discovery</u>

The parties have not completed any discovery in this action to date. Further, the parties have stipulated to stay discovery, including the filing of a joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f), until after the pleadings have closed in this matter. Accordingly, the parties are not able to anticipate the scope of discovery required at this time. However, the parties do not currently anticipate any limitations or modifications of the discovery rules.

9. <u>Class Actions</u>

This matter is not a class action.

10. <u>Related Cases</u>

On March 31, 2008, this Court issued an order relating this case to *Fox v. Good Samaritan Hospital et al.*, Case No. C-04-00874 RS ("Fox I"). (Docket No. 10).

11. <u>Relief</u>

Plaintiff seeks the following relief from this Court: (1) a judgment from this Court that Defendants' conduct was unlawful under Sections 1 and 2 of the Sherman Act; (2) treble damages and his costs and reasonable attorneys' fees; (3) a judgment that Defendants' conduct alleged in the Sixth through Eighth Claims for Relief is unlawful; (4) general and special damages according to proof at trial; (5) punitive and exemplary damages for retaliation and tortious interference; (6) prejudgment and post-judgment interest; and (7) such other relief in law or equity as this Court may deem proper.

Plaintiff is unable to include the amount of damages sought at this time, as this action is at the pleading stage and damage discovery and studies have not yet been completed.

Provided that Defendants are required to file an answer in this action, Defendants

1 will ask that Plaintiff take nothing from this action, and that Defendants be awarded their costs of
2 suit and reasonable attorneys' fees expended in the defense of this action.

3       12.    Settlement And ADR

4       On August 11, 2008, Defendants each filed their respective ADR Certification By
5 Parties And Counsel.  On August 13, 2008 Plaintiff filed his ADR Certification By Parties and
6 Counsel.  The parties have met and conferred to comply with ADR L.R. 3-5.

7       13.    Consent To Magistrate Judge For All Purposes

8       The parties have consented to the assignment of this case to the Honorable
9 Magistrate Judge Seeborg to conduct all further proceedings including trial and entry of
10 judgment. (Docket Nos. 29, 30, 48).

11      14.    Other References

12      The parties contend that this case is not suitable for reference to binding
13 arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14      15.    Narrowing Of Issues

15      Defendants expect that some of the issues in this matter will be narrowed by the
16 pending motions referenced in Section 4 above.  Defendants anticipate filing other dispositive
17 motions in this matter but, to date, Defendants are not yet aware of any other issues that may be
18 narrowed by agreement or by motion.

19      16.    Expedited Schedule

20      The parties believe that this case is not amenable to an expedited schedule.

17. <u>Scheduling</u>

The parties believe it is premature at this time to set a schedule for this case as the pleadings have yet to close. Accordingly, the parties request a further Case Management Conference be held thirty (30) days after the close of pleadings in both this action and Fox I, the case related hereto, so that the parties may set a schedule coordinating the deadlines in both actions.

18. <u>Trial</u>

The parties each request a jury trial in this matter. Because the pleadings are still in dispute, the parties are unable to provide a viable estimate regarding the length of trial at this time.

19. <u>Disclosure Of Non-Party Interested Entities Or Persons</u>

Defendants filed the "Certification of Interested Entities or Persons" on June 30, 2008, in which it disclosed that, other than the named parties, there are no such interests to report. Plaintiff filed his "Certification of Interested Entities or Persons" on August 13, 2008, and disclosed that, other than the named party, there are no such interests to report.

20. <u>Other Matters</u>

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | |
|---|---|
| 1 | |
| 2 | DATED:  August 13, 2008 |
| 3 | BINGHAM McCUTCHEN LLP |
| 4 | |
| 5 | By: /s/ Beth McGowen |
| 6 | BETH McGOWEN<br>Attorneys for Defendants WILLIAM PICHÈ, PAUL N. BEAUPRE, M.D., ARTHUR W. DOUVILLE, |
| 7 | M.D., MARK S. MCCONNELL, M.D., and KENNETH I. TAN, M.D. |
| 8 | |
| 9 | DATED:  August 13, 2008 |
| 10 | HENNEFER FINLEY & WOOD |
| 11 | |
| 12 | By: /s/ James A. Hennefer |
| 13 | JAMES A. HENNEFER<br>Attorneys for Plaintiff RICHARD B. FOX, M.D. |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

1 **INITIAL CASE MANAGEMENT ORDER**

2    The Initial Case Management Statement and Proposed Order is hereby adopted by
3 the Court as the Initial Case Management Order for the case and the parties are ordered to
4 comply with this Order.

5
6 DATED: August __, 2008

7                                              _____
                                               UNITED STATES MAGISTRATE JUDGE
                                               RICHARD SEEBORG

**CERTIFICATION BY SAMANTHA L. REARDON PURSUANT TO GENERAL RULE NO. 45, SECTION X. RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES**

1.  I am a lawyer licensed to practice law in the State of California, and am an associate in the law firm of Bingham McCutchen LLP, counsel for defendants William Pichè, Paul N. Beaupre, M.D., Arthur W. Douville, M.D., Mark S. McConnell, M.D., and Kenneth I. Tan, M.D. The statements herein are made on my personal knowledge, and if called as a witness I could and would testify thereto.

2.  The above e-filed document contains multiple signatures. I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court. Pursuant to General Rule No. 45, I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct on August 13, 2008.

        /s/ Samantha L. Reardon
        Samantha L. Reardon